Filed 10/23/25  P. v. Garcia CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN ANTHONY<br>      GARCIA,<br><br>      Defendant and Appellant. | B335830<br><br>(Los Angeles County<br>Super. Ct. No.KA130506) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rogelio Delgado, Judge.  Remanded in part, affirmed in part.

G. Martin Velez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Blake R. Armstrong and Susan S. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

## MEMORANDUM OPINION[1]

The trial court sentenced appellant Jonathan Anthony Garcia in February 2024 for making criminal threats, carrying a loaded firearm, and vandalism. The parties contend the trial court erred in calculating Garcia's custody credits, and assert that the matter should be remanded for the trial court to recalculate those credits. We agree the court erred and that remand is the correct remedy.

On July 8, 2022, the People charged Garcia with two counts of making criminal threats (§ 422, subd. (a), counts 1 and 2, felonies); carrying a loaded firearm (§ 28580, subd. (a), count 3, a felony); and four counts of vandalism (§ 594, subd. (a); counts 4 and 5, misdemeanors; counts 6 and 7, felonies).

On November 14, 2022, Garcia filed a petition for mental health diversion under section 1001.36. On December 14, 2022, the trial court granted Garcia's petition, ordering diversion for a period of two years. The order included specified terms and conditions, including requiring Garcia to do the following: enroll and participate in programs at God's Property Sober Living Foundation, where Garcia had been conditionally accepted; comply with a plan for mental health treatment; comply with all rules and regulations at the sober living facility; and remain in mental health treatment for at least one year. If Garcia left the

---

[1] We resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.) We do not recite the factual and procedural background because our opinion is unpublished and the parties are familiar with the facts of the case and its procedural history. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].) Undesignated statutory references are to the Penal Code.

treatment program for any reason, he was required to report to the court. The court further ordered Garcia to be "conditionally released only to a representative of recovery network for transportation to God's Property Foundation."

A report in April 2023 said Garcia was doing well in the program. In August 2023, however, Garcia failed to appear in court and it was reported that he had left the program. The court terminated the mental health diversion and reinstated criminal proceedings.

On February 28, 2024, pursuant to a plea agreement, Garcia pled no contest to counts 1, 3, and 6; the remaining counts were dismissed. The court sentenced Garcia to two years on each count to be served concurrently, and awarded a total of 441 days credit, calculated as 221 days of actual custody credit and 220 days of good time/work time credit. The court and counsel discussed whether Garcia was entitled to custody credit for his time in the sober living program. The court rejected this suggestion, stating that Garcia was not entitled to credit for "a voluntary commitment." Garcia timely appealed.

On appeal, Garcia contends that because he participated in the sober living program pursuant to a court order, he is entitled to custody credit for the time he spent there. The People concede this issue. We agree with the parties.

Under section 2900.5, subdivision (a), "when the defendant has been in custody, including, but not limited to, any time spent in a jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, juvenile detention facility, or similar residential institution, all days of custody of the defendant . . . shall be credited upon his or her term of imprisonment. . . ." Such "credit shall be given only where the

custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted." (*Id*., subd. (b); see also *People v. Davis* (2023) 87 Cal.App.5th 771, 777 ["Section 2900.5 has two components: First, "'that the placement be 'custodial,'"' and second, "'that the custody be attributable to the proceedings relating to the same conduct for which defendant has been convicted'"'"].)

Here, the parties agree that as a part of this case Garcia was ordered by the trial court to attend the sober living program at God's Property Foundation, and therefore his time in the program met the requirements of section 2900.5 because it was both custodial and attributable to these proceedings. We find no basis for disagreement. The program was court-ordered and Garcia was released directly into its custody. Thus, it was unlike the situation in *People v. Billy* (2024) 107 Cal.App.5th 246, 262-264, for example, in which the defendant's *voluntary* stay at a rehabilitation facility did not qualify for custody credit under section 2900.5.

The parties assert that the matter should be remanded so the trial court may recalculate Garcia's custody credits. We agree this is the correct remedy.

## DISPOSITION

The matter is remanded so the trial court may recalculate Garcia's custody credits, including his time spent in the God's Property Foundation sober living facility. The trial court is directed to prepare a corrected abstract of judgment and forward it to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


VAN ROOYEN, J.[*]

We concur:


MORI, ACTING P. J.


TAMZARIAN, J.

---

[*] Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.